KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
I write separately to state that for me reversal is tied to the fact that the arbitrator adopted the CWA’s interpretation of Article 16B.l(f), which interpretation is itself grounded in Article 16B of the collective bargaining agreement. Although— following the Supreme Court’s lead — we apply a largely “hands off’ standard of review to an arbitral award, that does not mean anything goes, as even the CWA counsel recognized:
Q: What if he had not felt confined by the 150 days — the Union had taken a different position or said take it all the way back to the first day we got these additional duties. Would that be enough to say he had exceeded his authority?
Coslow: If he imposed a remedy that didn’t have reference to the 150 days and its relationship to notice, I think the Company’s argument would be much stronger. But he anchored it in the notice requirement, in the 150 days, in the Company’s breach. Those are all appropriate considerations in interpretation.
Q: ... Let me ask you one [other thing]. Have you given us an example[ ] in this case [of] what would have exceeded his authority?
Coslow: Well I suppose ... I think you’ve presented one and that is suppose he said, well I am going to, arbitrarily, because I think it’s fair ... I’m just [going to] grant these employees this amount of money just [be]cause I think they should have it. That, I think we’d all say oh that’s over the top. But he didn’t do that....
Oral Argument Recording, Verizon Washington, D.C. Inc. v. Commc’ns Workers of Am., No. 08-7092, at 49:49-51:08 (argued Apr. 21, 2009).